IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STACEY GILARDI,

            Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

           Defendant.

ORDER

14-cv-223-jdp

---

    Plaintiff Stacey Gilardi seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. On June 22, 2015, the court heard oral argument in this case. For the reasons discussed at the hearing, the court will remand this case to the Commissioner for further proceedings.

    Gilardi contends that the ALJ committed reversible error by discrediting the opinion of her treating doctor, Deborah Prior, MD, without adequate explanation. Gilardi suffers from back pain, and Dr. Prior opined that, as a result, Gilardi cannot sit, stand, or walk for extended periods without shifting position. R. 571-76.[1] Dr. Prior also opined that Gilardi would be absent from work at least four days per month because of her impairments. The ALJ gave Dr. Prior's opinion only "little weight" because it was "not supported by the objective medical findings and physical exam findings." R. 21. The ALJ stated that Dr. Prior had a "treating relationship" with Gilardi, but this is not a meaningful consideration of how Dr. Prior's 10-year treatment of Gilardi affected the weight he gave to Dr. Prior's assessment.

---

[1] Record cites are to the Administrative Record. Dkt. 9.

Ordinarily, such a long-term relationship would militate in favor of giving significant weight to a treating source opinion. The ALJ's decision did not specifically identify the objective findings that undermined Dr. Prior's opinion. Instead, the ALJ referred to another part of his decision, where he generally discussed Gilardi's medical history. *Id.* In that section, the ALJ cited to a 200-page exhibit, leaving the court to guess at the specific support for his finding. R. 19. On remand, the ALJ should identify the specific evidence that supports or undermines each medical opinion and explain his reasoning, while giving due consideration to the nature and extent of any treating relationship.

The ALJ should also reevaluate the credibility of Gilardi's own reports of her symptoms. The ALJ referenced Gilardi's past statements about her ability to sit, stand, and walk as inconsistent with Dr. Prior's suggested limitations. But records show that Gilardi's symptoms wax and wane. The ALJ found that Gilardi's "allegations regarding the symptoms of her impairments and resulting limitations [were] not entirely consistent with the objective medical evidence." R. 20. But the ALJ found Gilardi's statements credible enough to undermine Dr. Prior's opinion. And Gilardi's limitations were further supported by letters from her family, which the ALJ found to be "sincere and credible." R. 22. The ALJ did not adequately explain why he nevertheless found Gilardi's statements to be incredible, or even which statements he discredited. On remand, the ALJ should reconsider Gilardi's credibility and provide more than boilerplate language to support his finding.

This order does not mandate that Dr. Prior's opinion be given a particular weight, nor does it mandate a finding of disability. But before an ALJ may discredit a treating source opinion, he must identify and apply the pertinent factors of 20 C.F.R. § 404.1527(c) and adequately explain the weight that he assigns Dr. Prior's opinion. Because Gilardi does not

2

contest the ALJ's treatment of her mental limitations, there is no need to reconsider the ALJ's findings on that point. Last, although the ALJ did not discuss the most recent evidence in the record concerning additional pain symptoms, the ALJ is free to consider and analyze that evidence on remand.

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Stacey Gilardi's application for disability benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered June 24, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge